ANNA WENINGER AND JOHN WENINGER, PLAINTIFFS,
v. BERNARD VOGEL, DEFENDANT.

Submitted October 18, 1930—Decided May 25, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *Aaron L. Simon.*

*Contra, Schneider & Schneider.*

PER CURIAM.

This is plaintiffs' rule to show cause why the verdict in
favor of plaintiff Anna Weninger for $1,000, and the verdict
in favor of the husband for $200 should not be set aside as
being inadequate, and a new trial granted as to damages only.

It appears that plaintiff wife and her husband were cross-
ing Lexington avenue in the city of Passaic, at the corner
of Knapp avenue, at a crosswalk. The testimony reasonably
tended to show that the only car visible when they started
to cross was that of the defendant, which was then two
blocks away, and that when Anna looked again from the
middle of the street, it was one block away. The husband,
John, dropped his pipe in the center of the street and turned
back to pick it up, and Anna, his wife, continued to cross,
and the testimony was that, when within one step of the
curb, she was struck by the mudguard of defendant's auto-
mobile, which was going "very fast" and which, after strik-

ing her, continued across the sidewalk and up on the lawn. There was testimony that no signal or warning was given of the approach of defendant's car. There was testimony as to the admission of the defendant that he saw Anna a block and a half away, and on the trial he admitted that there was nothing to prevent his seeing her.

The testimony reasonably shows that Anna sustained a fracture of the skull and rupture of the middle ear, causing deafness of the left ear, also affecting the right ear. This condition, the evidence tended to show, was becoming worse rather than better at the time of the trial. The plaintiff Anna was sixty years of age. She also sustained severe bruises on her forehead and shoulder which were still evident five weeks after the accident when Dr. Kennedy, the physician called by the defendant, examined her. She was confined in the hospital for twelve days and to her bed for nine weeks.

We think it quite clear that both verdicts in respect to damages were inadequate, as appears by the evidence above mentioned and other evidence which need not be recited.

A reading of the testimony plainly shows that so far as liability was concerned, verdicts in favor of the plaintiffs were clearly and entirely justified.

The rule to show cause will be made absolute and a new trial granted as to damages only.